**Ollie T. White et al., Appellees, v. Miner T. Ames, Appellant.**

**Gen. No. 5,726.**

1. BROKERS—*compensation.* A judgment for commissions in procuring a purchaser for a farm is reversed where it appears there was not sufficient evidence to justify the jury in finding the proposed purchaser could raise sufficient money.

2. BROKERS—*when judgment for commissions is not sustained.* A judgment for commissions in procuring a purchaser for a farm is reversed where there is no evidence that the defendant and the proposed purchaser could have agreed on the terms of sale.

Appeal from the County Court of Woodford county; the Hon. ARTHUR C. FORT, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 12, 1913.

THOMAS KENNEDY and MCDOUGALL & CHAPMAN, for appellant.

HARRY THORN and ORMAN RIDGELY, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Ollie T. White and Wilfred Rogers, who do not aver that they were partners, brought this suit against Miner T. Ames to recover commissions which they

claim they earned in procuring a proposed purchaser for a farm owned by Ames and which farm Ames did not sell to said purchaser, and on a trial without a jury they had a judgment for $600 from which Ames appeals.

Appellant was a student at the University of Illinois. Under the date of July 27, 1911, he wrote a letter to White from Louisiana, in which he authorized White to sell either 200 or 300 acres of his farm, and stated that he would wish $25,000 cash and the balance at 6 per cent. with equal payments every year, and that he would give White $2 per acre for his services in selling. Ames did not set the price at which he would sell nor did he state in the letter over how many years the equal payments for the balance could be extended. It would seem that White undertook to associate Rogers with him in making a sale. Appellant returned to this state, and early in August, 1911, had conversations with appellees and they brought him Uphoff as a prospective purchaser. Uphoff told appellant that he understood that he was to pay $2,000 cash down and $25,000 the first of March, 1912. Appellant declared that he had never agreed to sell on any such terms, but must have $25,000 cash down. Appellant had fixed a price of $65,000 for 306 acres of his farm, near Minonk, but seems to have been willing to accept $64,000. The parties separated and no sale was made. Appellees testified that in an interview with appellant after he returned, they told him that Uphoff could not raise $25,000 at once, and that appellant then said that he only wanted $2,000 cash down and $25,000 the first of March following. Appellant testified that he did not make any such statement. Appellees insist that they have the preponderance of the evidence on that subject, and that Uphoff was ready, willing and able to pay $2,000 cash down and $25,000 on the first of March following and the balance in easy payments at 6 per cent. We are of opinion that for two reasons the judgment should not be sustained.

1. We do not think the jury were justified in finding from this evidence that Uphoff was able to pay $25,000 on the first of March, 1912. He did not have any such money. He owned a farm and if he could sell that farm at such a price as he was willing to sell for and to a purchaser who could pay him $25,000 down, then he would be able to pay $25,000 on this proposed purchase, but if he was unable to sell that farm and get $25,000 out of it by the first of March, 1912, then he would not be able to pay appellant that sum at that time. It was proved that he had a father who had some property, but there was no proof that his father was either able or willing to help him raise that $25,000. It is very evident that Uphoff in fact could not buy this farm and pay for it on the terms proposed, unless he could before March 1, 1912, sell his own farm and get a large cash payment down.

2. There had been no negotiations between appellant and Uphoff or appellees and Uphoff as to the number of years over which the remaining payments should be extended. It had been said that appellant would accept easy payments for the rest, but he and Uphoff might have entirely disagreed as to what would be easy payments. It was not known whether Uphoff was able or willing to make as large payments and as frequently as appellant might demand. Those terms had not yet been discussed and it cannot be known that the minds of the parties would have met or that Uphoff would have purchased on the terms which appellant would have fixed.

The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*